ORAL ARGUMENT UNNECESSARY
No. 26-5227

IN THE

# United States Court of Appeals for the District of Columbia Circuit

A.A.N.H.P.I.H.M.,
*Plaintiffs-Appellee,*

v.

Eugene Volokh,
*Intervenor-Appellant.*

v.

Donald J. Trump,
*Defendant-Appellee.*

Response to Appeal from the United States District Court for the District of Columbia, No. 1: 1:25-cv-01623-UNA by Mr. Eugene Volokh

## Certificate as to Parties, Rulings, and Related Cases

### A. Parties

If it was up to the petitioner-appellee, the parties to this appeal proceeding would just be themselves and the movant-appellant Eugene Volokh. Petitioner-appellee had never served the defendant-appellee Donald J. Trump at the district court level. Their pro se legal action was more like a whistleblowing, except it is

not like a *qui tam*. Please don't take their words for it and see Dkt No. 01208867249 by Lewis S. Yelin, U.S. Attorney, Appellate Staff of the Civil Division for the defendant-appellee on July 8, 2026. Mr. Yelin graduated from Columbia Law School for Christ's sake.

**B. Rulings Under Review**

The June 11, 2026 Order entered by the Honorable Tanya S. Chutkan of the United States District Court for the District of Columbia denying Mr. Volokh's motion to expedite a ruling on his motion to intervene and to unseal is a beautiful one. There is no need to review by the appellate court. It's a waste of taxpayer's money to be spent on a quixotic case.

**C. Related Cases**

This case has not previously been before this court or any court other than the district court. If any other related cases currently pending in this court or in any other court of which petitioner-appellee is aware, they would be those previously mentioned in Dkt No. 01218871275 filed on July 17, 2026, if not also FELL v. TRUMP (1:25-cv-04206) assigned to Judge Chutkan. The alleged violations of the First Amendment right, etc by the anti-Diversity, Equity, Inclusion (DEI) executive orders will have to be ultimately ruled by the

conservative Supreme Court due to potential circuit splits.

On Aug 25, 2026, it's widely reported that Deloitte, a federal contractor, agreed to pay $21.5 million to resolve alleged employment discrimination violations.[1] Caleb Hayes-Deats, partner at Lowell & Associates, PLLC who had also gone to Columbia Law School, eloquently commented in a LinkedIn post, "The theory is the same as DOJ's earlier settlement with IBM: allegedly false certifications of compliance with Title VII in federal contracts while encouraging the hiring and promoting women and people of color."

"DOJ's theory is wrong, and someone should put DOJ to its proof. But DOJ appears to have found a combination that prevents anyone from doing so: threaten defendants who have billions of dollars in federal contracts and settle for less than it would cost them to fight, much less to be denied future contracts. The lack of incentive to fight is creating a problem, because these suits are almost certain to multiply."

"DOJ's theory has at least two big problems. First, falsity. The 'covered conduct' in the settlement consists of programs designed to incentivize hiring, promoting, and mentoring women and people of color. But that's different from discrimination. The settlement contains no allegation that Deloitte hired or promoted a less-qualified candidate over a better one."

[1] https://www.justice.gov/usao-ndtx/pr/deloitte-agrees-pay-215-million-resolve-alleged-employment-discrimination-violations

"Second, materiality and scienter. The covered conduct runs from January 1, 2017. Until last year, the federal government affirmatively encouraged the practices its now recasts as fraud. That's not just evidence of a lack of materiality. It's evidence of an affirmative desire for the conduct DOJ now seeks to punish. Under SuperValu, scienter turns on what the defendant believed at the time, not what DOJ now thinks they should have believed."

"But fighting DOJ doesn't seem to be worth it for large contractors. Deloitte had $2.9 billion in federal contracts in 2025 according to OpenSpending.[2] DOJ asserts that Deloitte allocated $9,995,000 in costs to DEI programs over the covered period, or a little over $1 million per year covered by the settlement. That's less than a tenth of a percent of the value of Deloitte's contracts each year. That makes the math easy for large contractors."

"The lack of incentive to fight creates a real problem. The relator in the settlement is the American Alliance for Equal Rights. That organization is headed by Edward Blum, the same architect behind Students for Fair Admissions. That alone tells you these cases are just getting started."

"So, who's going to fight this? It may not be profitable in the short term, but this isn't the last chapter of American history. The business judgment that produces these settlements today could look very different in the future. If you or anyone

[2] https://www.openspending.us/contractors/deloitte-consulting-llp

you know wants to fight this theory, please reach out. Fighting government overreach is what we do, and this is a prime example."[3]

If this Court of Appeal is truly interested in related cases, it should appoint Mr. Hayes-Deats to file amici briefs. He can be reached at CHayes-Deats@lowellandassociates.com.

The American people will soon have their say on DEI in the November midterm elections. It's unclear what the (low) voter turnout will be. It's not in the plaintiff-appellee's interests to antagonize the POTUS, as they would rather plea to King Trump to negotiate the release of Joshua Wong, Jimmy Lai, Chow Hang Tung, et al, so that they could ingratiate themselves and join the Republican Party to become anti-DEI too.

But before that pipe dream happens, they would continue to enjoy the benefits of DEI. Not only did they see the 2nd highest grossing South Korean movie in 2026 this Labor Day weekend, called *Colony*,[4] but they also learned about the brutal murder of civil rights leader Vernon Dahmer by Ku Klux Klansman via *By Any Means*, starring Mark Wahlberg, Yahya Abdul-Mateen II and Giancarlo Esposito.[5]

Dated: September 8, 2026

---

[3] https://www.linkedin.com/feed/update/urn:li:activity:7502391147034705920/
[4] https://en.wikipedia.org/wiki/List_of_South_Korean_films_of_2026
[5] https://en.wikipedia.org/wiki/By_Any_Means_(2026_film)

Respectfully submitted

By: /s/ A.A.N.H.P.I.H.M.
A.A.N.H.P.I.H.M.
Plaintiff-Appellee Pro Se
8808 Justice Ave, Apt 9J
Elmhurst, NY 11373
DEIdeservesrespect@proton.me

TO: Eugene Volokh

Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
Pro se
(Institutional affiliation given for identification and addressing purposes only)